UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WANDA CLAYTON                                                                    PLAINTIFF

v.                                              CIVIL ACTION NO. 3:20-CV-555-KHJ-FKB

ROBERT GAIDARIK; P.A.M.
CARTAGE CARRIERS, LLC; and
JOHN DOES 1-5                                                                    DEFENDANTS

CONSOLIDATED WITH

RALO A. JOHNSON                                                                  PLAINTIFF

v.                                              CIVIL ACTION NO. 3:20-CV-624-KHJ-FKB

ROBERT GAIDARIK; P.A.M. TRANSPORT,
INC.; P.A.M. CARTAGE CARRIERS, LLC;
and JOHN DOES 1-5                                                                DEFENDANTS

AND

LEROY PHILLIPS, JR.                                                              PLAINTIFF

v.                                              CIVIL ACTION NO. 3:20-CV-731-KHJ-FKB

ROBERT GAIDARIK; P.A.M.
CARTAGE CARRIERS, LLC; and
JOHN DOES 1-5                                                                    DEFENDANTS

ORDER

This action is before the Court on Defendants Robert Gaidarik, P.A.M. Transport, Inc. ("P.A.M. Transport"), and P.A.M. Cartage Carriers, LLC's ("P.A.M. Carriers") Motion for Judgment on the Pleadings [28], and Plaintiff Ralo A.

Johnson's Motion to Amend his Complaint [31] and Motion to Continue Judgment on the Pleadings or Consider Together with Motion to Amend [35]. For these reasons, the Court grants Johnson's Motion to Amend his Complaint [28] and denies the other two motions, [31]; [35], as moot.

I.      Background and Procedural History

This case arises out of a motor vehicle collision between Johnson and a tractor trailer that Gaidarik drove for P.A.M. Transport and P.A.M. Carriers (collectively "P.A.M. Defendants"). Following the accident, Johnson sued all Defendants for negligence, gross negligence, and punitive damages, alleging Gaidarik was using his phone at the time of the accident. Am. Compl. [8], No. 3:20-CV-624-KHJ-FKB, *consolidated with* 3:20-CV-555-KHJ-FKB, ¶¶ 26-27. Johnson also sued the P.A.M. Defendants for negligently failing to supervise, train, instruct, and develop adequate policies; disregarding federal and state safety requirements; punitive damages; and vicarious liability for Gaidarik's conduct. *Id.*, ¶¶ 33, 40. In their Answers, the P.A.M. Defendants admit liability for Gaidarik's actions under respondeat superior. P.A.M. Transport's Answer [9], ¶¶ 39-41; P.A.M. Carriers' Answer [10], ¶¶ 39-40.

Gaidarik and the P.A.M. Defendants then moved for judgment on the pleadings, asking the Court to dismiss Johnson's claims against them for negligent failure to supervise, train, instruct, and develop adequate policies and for failure to comply with state and federal motor vehicle carrier regulations. [28]. They also move to dismiss Johnson's claims for punitive damages against all Defendants. *Id.*

In response, Johnson moved to amend his Complaint [31],[1] adding several facts in support of his allegations and an introductory statement signifying that the facts he alleges are based on personal knowledge and "upon information and belief." Second Am. Compl. [34-1] at 1-2. Johnson also asked the Court to postpone ruling on Defendants' Motion for Judgment on the Pleadings or to rule on that motion and his Motion to Amend together. [35]

II.  Standard

Federal Rule of Civil Procedure 15(a) directs the Court to grant leave to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Although the decision to grant leave is within the Court's discretion, *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citation omitted), the Court must have a "substantial reason" for denying a request for leave to amend, such as "1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment." *Id.* (citations omitted). Absent a substantial reason, the Court abuses its discretion in denying a party's request for leave to amend. *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981).

Defendants argue the Court should not grant Johnson's Motion to Amend because his proposed amendments are futile. "An amendment is considered futile if it would fail to state a claim upon which relief could be granted" under Federal Rule

---

[1] The Court granted Johnson's Motion to Substitute his proposed Amended Complaint, substituting Exhibit A to Johnson's Motion to Amend [31-1] with Exhibit A to Johnson's Motion to Correct his Motion to Amend [34-1].

3

of Civil Procedure 12(b)(6). *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016). To state a claim upon which relief can be granted, a party must allege sufficient facts that, when accepted as true, show "facial plausibility" and allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

   III.    Analysis

Defendants argue Johnson's proposed amendments are futile because he includes the following introductory statement:

> Plaintiff Ralo A. Johnson, by undersigned counsel, upon personal knowledge, and the investigation of his counsel and upon information and belief as to all other matters, as to which they believe substantial evidentiary support will exist after a reasonable opportunity for further investigation and discovery, as follows.

Defs.' Resp. to Mot. to Amend Compl. [41] at 3 (quoting [34-1] at 1-2). According to Defendants, this statement renders Johnson's entire Second Amended Complaint futile because Rule 11 requires Johnson to specify which "factual contentions" will "likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). Because Johnson does not specify which factual contentions he makes "upon information and belief," Defendants argue, he does not provide fair notice as to what conduct he challenges. [41] at 4.

This argument is unavailing. Johnson's proposed Second Amended Complaint sets out specific causes of action—negligence, negligence per se, gross negligence,

4

and punitive damages—and seeks to add additional facts to support these allegations in response to Defendants' Motion for Judgment on the Pleadings. This pleading therefore properly notifies Defendants of the challenged conduct. Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought").

The Court need not determine that Johnson's allegations are based "upon information and belief" when determining whether his proposed amendments are futile, and Defendants cite no authority otherwise. Instead, to decide whether Johnson's proposed amendments are futile, the Court must accept his factual allegations as true and resolve any inferences in Johnson's favor. *Iqbal*, 556 U.S. at 678. Because Defendants do not argue that Johnson's proposed amendments are futile for any other reason than the introductory statement, the Court grants Johnson's Motion to Amend under Rule 15(a)(2).

IV.     Conclusion

This Court has considered all arguments. Those it does not address in this Order would not have changed the outcome of its decision. For the reasons stated, this Court GRANTS Mr. Johnson's Motion to Amend [31] and DENIES AS MOOT Defendants' Motion for Judgment on the Pleadings [28] and Johnson's Motion to Continue Judgment on the Pleadings or Consider Together with Motion to Amend [35].

SO ORDERED AND ADJUDGED this the 9th day of April, 2021.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE